IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TRAVIS R. ROBERSON                                          PETITIONER

V.                          No.  5:11-CV-05001-JLH

TIM HELDER                                                  RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus

Petitions (ECF No. 1) filed January 3, 2011 under 28 U.S.C. Section 2254.  The Respondent filed

his Response (ECF No. 4) on January 15, 2011 and the Petitioner has not filed a Reply but did

file a Motion for Summary Judgment (ECF No. 12 ) on March 23, 2011, the Petitioner filed his

Response (ECF No. 15) on March 24, 2011 and the Respondent has now filed a Reply (ECF No.

16) on March 25, 2011. The Petitioner filed the current motion on January 11, 2011.  The matter

was set for an evidentiary hearing on April 28, 2011 but prior to the evidentiary hearing the

parties filed a Joint Motion to Remand to the Fayetteville District Court (ECF No. 18).  The court

conducted a telephone conference with all of the parties involved on April 25, 2011 and

confirmed that all parties were in agreement that the matter should be remanded back to the State

District Court for re-sentencing.

### I.  Background

Petitioner was convicted of driving while intoxicated and driving left of center on August

12, 2009, in the Fayetteville District Court. On September 3, 2009, Roberson filed a notice of

appeal and a certified copy of the docket sheet with the Washington County Circuit Clerk.

-1-

Roberson was not sentenced, however, until September 16, 2009, and he did not file a certified record with the clerk after his sentencing. On November 6, 2009, the State moved to dismiss his appeal, stating that Roberson had failed to perfect his appeal to the circuit court because he failed to file a copy of the district court's docket sheet within thirty days of September 16, 2009, the date he was sentenced, and, thus, the date of his final judgment. Roberson filed an answer to the motion on November 12, 2009, and asserted that a dismissal would amount to a violation of his right to trial by jury and would violate his rights to due process and equal protection under both the Arkansas Constitution and the United States Constitution. On November 16, 2009, the circuit court dismissed Roberson's appeal with prejudice and found that Roberson had failed to perfect his appeal within thirty days from the date of judgment on September 16, 2009, which deprived the circuit court of jurisdiction. The Arkansas Supreme Court, in an unpublished opinion, affirmed the trial court. *Roberson v. State*, 2010 WL 4524561, 1 (Ark.) (Ark.,2010).

Pursuant to a telephone conference conducted on April 25, 2011 the parties agreed that the Petitioner's claim for ineffective assistance includes the claim for failure to appeal.

## II.  Discussion

### A.  Exhaustion of Remedies:

Before a state prisoner is entitled to federal habeas corpus relief, he must first exhaust his state remedies and present the habeas claim to the state court. *Pollard v. Armontrout*, 16 F.3d 295, 297 (8th Cir.1994). The Petitioner was foreclosed from filing a Rule 37 Petition because such an action is not available in the state District Court but only in the state Circuit Court. ( *See Ark. Rules Cr. Proc., Rule 37.1).* He had filed a motion to file a belated appeal which was denied in the Washington County Circuit Court and that order had been reviewed by the Supreme Court

and affirmed. *Roberson v. State*,  2010 WL 4524561, 1 (Ark.) (Ark.,2010).

　　　After realizing the deficiency in the District Court record the Petitioner's attorney filed a Motion for a belated appeal in the Washington County Circuit Court.  No provision exist in the Arkansas Supreme Court Rules in providing for belated appeal from District Court to Circuit Court. This deficiency was addressed by Justice Newburn in a concurring opinion on this issue in 1989 when he stated that a  "[F]ailure of counsel to perfect an appeal is a basis for granting a belated appeal from a circuit court to an appellate court. *In re Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979); *Ellis v. State*, 276 Ark. 560, 637 S.W.2d 588 (1982); *Nelson v. State*, 272 Ark. 287, 613 S.W.2d 598 (1981). *See Ark.R.Crim.P.* 36.9. Just as we have the power to grant such appeals from the circuit court, the circuit court should have the power to grant belated appeals, upon a showing of good cause, from the municipal court. The court's  opinion correctly reveals that the circuit court does not now have that power. While the decision is correct, it reveals an unfair gap in our rules." *Edwards v. City of Conway*,  300 Ark. 135, 138, 777 S.W.2d 583, 585 (Ark.,1989).  The "unfair gap" has never been addressed by the Arkansas Supreme Court.

　　　All appeals from state district courts to state circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within 30 days from the date of the entry of judgment.  *See Arkansas District Court Rules, Rule 9 (a)*.  This provision has been held by the Arkansas Supreme Court to be jurisdictional to the circuit court. *Ottens v. State*, 316 Ark 1, (1994).

　　　The Arkansas Supreme Court has been steadfast in its denial of any relief to a defendant because of any violation of Rule 9 since Edwards v. City of Conway. *Bocksnick v. City of*

*London,* 308 Ark. 599, 600, 825 S.W.2d 267, 267 - 268 (Ark.,1992), *Allred v. State,* 310 Ark.

476, 476, 837 S.W.2d 469, 470 (Ark.,1992), *Hawkins v. City of Prairie Grove*, 316 Ark. 150,

871 S.W.2d 357 (199 4), *Ottens v. State,* 316 Ark. 1, 2, 871 S.W.2d 329, 330 (Ark.,1994)

*Lineberry v. State*, 322 Ark. 84, 86, 907 S.W.2d 705 (1995). The Petitioner has exhausted all

state remedies that were available to him.

**B.  Ineffective Assistance of Counsel:**

Since no appeal was effectively filed the circuit court was effectively precluded, by rule,

from gaining jurisdiction and the petitioner was precluded from having a jury trial to determine

his guilt and his punishment on the charge.  The ultimate issue is whether the Petitioner received

ineffective assistance of counsel when his attorney failed to perfect the appeal from the state

district court to the state circuit court.

A defendant "faces a heavy burden" to establish ineffective assistance of counsel. *DeRoo*

*v. United States*, 223 F.3d 919, 925 (8th Cir. 2000)  First, the defendant must show that counsel's

performance was deficient. This requires showing that counsel made errors so serious that

counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment.

Second, the defendant must show that the deficient performance prejudiced the defense. This

requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a

trial whose result is reliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency

prong is met when the defendant shows that counsel's representation fell below the " 'range of

competence demanded of attorneys in criminal cases.' " Id. at 688 (quoting *McMann v.*

*Richardson*, 397 U.S. 759, 770-71 (1970)). The prejudice prong is met when the defendant

shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." Id. at 694.

If an attorney has consulted with his client about an appeal, he will not be found ineffective unless he fails to follow "express instructions with respect to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).  An attorney's failure to file an appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to § 2255 relief. *Barger v. United States*, 204 F.3d 1180, 1181 (8th Cir. 2000) Where the defendant expressly requests that his counsel file an appeal and counsel fails to do so, thereby depriving the defendant of his right to appeal, courts have not required a showing of prejudice or of likely success on appeal. See *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir.1982); *U.S. v. Saucillo*  2007 WL 522228, 3 (N.D.Iowa) (N.D.Iowa,2007).  The Arkansas Supreme Court has found that failure to file a timely record in a felony appeal is a denial of a defendant's constitutional right of appeal and constitutes ineffective assistance of counsel.  *Watson v. State*, 303 Ark. 240, 241, 795 S.W.2d 355, 356 (Ark.,1990). The Eighth Circuit has held that "deficient attorney performance in perfecting an appeal is prejudicial under the Strickland ... standard for determining ineffective assistance of counsel." *See Estes v. U.S.* 883 F.2d 645, 649 (C.A.8 (N.D.),1989) citing *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir.1988).

In this particular case the attorney was clearly instructed to file an appeal of the Petitioner's Driving While Intoxicated conviction in the Fayetteville District Court. The Petitioner's attorney filed a notice of appeal and obtained a record from the district court clerk. The record from the district court, however, was prematurely filed with the circuit court because it did not contain the judgment which was not signed by the court until several days after the

-5-

attorney had tendered the record to the Washington County Circuit Court.  As discussed above the petitioner's case was ultimately dismissed by the circuit court for lack of jurisdiction.  The Petitioner sought a belated appeal in circuit court but that was denied as well and the Arkansas Supreme Court affirmed the dismissal of the appeal to circuit court.  The Petitioner's attorney was ineffective for failing to perfect the Petitioner's appeal from the Fayetteville District Court to the Washington County Circuit Court thus depriving him of his right to a jury trial in the Washington County Circuit Court.  The court also notes that the parties have in essence acknowledged the attorney's ineffectiveness by  filing a Joint Motion to Remand to the Fayetteville District Court. (ECF No. 18).

### III.  Conclusion

In this case the Petitioner, because of ineffective assistance of counsel, was denied his ability to have a jury trial on the charge of Driving Under the Influence.  Because of procedural rules there appears to be an absence of available state corrective process or circumstances which exist that render such process ineffective to protect the rights of the applicant and the court recommends that the Joint Motion to Remand to the Fayetteville District Court be **GRANTED** and that the Petition for Writ of Habeas Corpus be **GRANTED.**

The court further recommends that the Petitioner be released from the custody of the Washington County Sheriff forthwith and the sentence imposed by the Washington County District Court be vacated and the case remanded to the District Court of Washington County for re-sentencing within 120 days or the Petitioner shall be discharged.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file**

**timely written objections may result in waiver of the right to appeal questions of fact.  The**

**parties are reminded that objections must be both timely and specific to trigger de novo**

**review by the district court.**

DATED this 27th day of April 2011

_/s/ J. Marschewski_
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE